IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV301-03-MU

| | |
|---|---|
| ROBERT EVERTON RUSHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HUSEBY INC., SCOTT HUSEBY, MARTHA ) | |
| WARE, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 1331, filed July 30, 2007. Plaintiff Complaint contains allegations against a court reporter and her company for failure to transcribe all portions of Plaintiff's federal criminal trial in the Middle District of North Carolina. Specifically, Plaintiff contends that the court reporter did not transcribe opening statements, closing arguments or the polling of the jury and that he is now appealing his case and does not have all the necessary transcripts to use in his appeal. By way of relief, Plaintiff is seeking compensatory and punitive damages totaling five millions dollars.

This is not Plaintiff's first Complaint filed in this district on the same allegations. Plaintiff initially filed a 42 U.S.C. §1983 Complaint against the same defendants for the same claim in October 2005. This Court dismissed Plaintiff's Complaint because the named defendants were not state actors. Moreover, this Court notes that Plaintiff had unsuccessfully raised this issue in his § 2255 petition in the Middle District of North Carolina. (See 1:04cv249). Indeed, the Middle District concluded that the proper place to address this matter was on appeal. The Court went on stating,

"[t]hat there was apparently no effort to reconstruct this part of the record on appeal and no issue raised on appeal regarding these missing portions of the record, suggest that there were no issues favorable to Petitioner to be based on these portions of the record. Petitioner has failed to show otherwise. The Court therefore does not find any prejudicial violation of the Act that would merit relief on collateral review, and this claim should be dismissed."

Undeterred by his lack of success in this district and in the Middle District, Plaintiff filed the instant Complaint alleging a violation of the Court reporter's Act pursuant to 28 U.S.C. § 753(b) which requires a complete transcript of criminal trial proceedings. However, while compliance with the Act is mandatory, there is no express remedy for its violation. United States v. Hoey, 71 Fed. Appx. 962 (4th Cir. 2003) (unpublished). The Fourth Circuit has specifically held that when a portion of a trial transcript is unavailable, an appellant must show "that the missing portion of the transcript specifically prejudices his appeal before relief will be granted." United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985); see also, United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999) (when a transcript is less than complete, the "defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal").

Here, Plaintiff named as defendants, the court reporter who allegedly failed to transcribe a portion of his criminal trial and the company who employed her. As expressed by the Middle District of North Carolina, the proper place to address this matter was on direct appeal. Petitioner's direct appeal is long over and his current lawsuit against these defendants for a violation of the Court Reporter's Act is misguided . According to Petitioner, he is now in the process of appealing the Middle District's denial of his § 2255 petition. This issue is inextricable intertwined with Petitioner's appeal of the denial of his § 2255 petition. Therefore, Petitioner's Complaint against the court reporter and the company employing her for a violation of the Court Reporter's Act is

dismissed.[1]

**SO ORDERED**.

Signed: August 7, 2007

Graham C. Mullen
United States District Judge

---

[1] Furthermore, it is likely the Plaintiff's claim would be barred by the statute of limitations given that the court reporter allegedly failed to transcribe portions of his criminal trail in 2001 for which Plaintiff was sentenced in November 2001. It is now almost six years after he had been sentenced.